UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ETHOS DATA MANAGEMENT, INC., a Florida company,<br><br>*Defendant*. | Case No.<br><br><br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jourey Newell brings this class action under the Telephone Consumer Protection Act against Defendant Ethos Data Management, Inc., to stop Ethos Data from making unauthorized pre-recorded voice message calls promoting its search engine optimization services and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      This case challenges Defendant's practice of making unauthorized pre-recorded voice message calls to consumers promoting its search engine optimization services.

2.      Defendant's unsolicited pre-recorded voice message calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, causing Plaintiff and putative members of the Classes to suffer actual harm, including aggravation, nuisance, and invasions of privacy.

3.      Mr. Newell also alleges that the Defendant violated the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("UTPCPL") due to their violation

of Pennsylvania's Telemarketer Registration Act, 73 P.S. § 2241 *et seq*. ("PTRA").

4. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease making unsolicited pre-recorded voice message calls to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

5. Plaintiff Newell is, and at all times relevant to the allegations in the complaint was, a Pennsylvania resident.

6. Defendant Ethos Data Management, Inc., is a Florida corporation with its principal place of business at 4512 N. Flagler Dr. Ste. 306, West Palm Beach, Florida 33407.

## JURISDICTION & VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

8. This Court has supplemental jurisdiction over Plaintiff's UTPCPL claim pursuant to 28 U.S.C. § 1367(a), because the UTPCPL claim arises out of the same facts and circumstances as Plaintiff's TCPA claim.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is a resident of this District.

## FACTUAL ALLEGATIONS

10. Ethos Data is a company that provides search engine optimization services.

11. To increase its sales, and as part of a general cold call based marketing scheme, Defendant markets its services using pre-recorded voice message calls to consumers.

12. This case arises from Ethos Data's unsolicited pre-recorded voice message calls to Plaintiff and other consumers.

13. On April 30, 2019, Ethos Data called Plaintiff from phone number 717-868-6375 using a pre-recorded voice message, without Plaintiff's consent.

14. The Plaintiff's phone number that was called was (484) 213-XXXX, a phone number that is assigned to a cellular telephone service.

15. The pre-recorded voice message stated that the "call recipient's Google business listing is displaying improperly", and that the Plaintiff could speak with a representative to have this issue resolved.

16. Plaintiff does not have any such business with an "improperly displayed Google listing".

17. As the company was not identified in the pre-recorded message, the Plaintiff investigated the call.

18. The company was not clearly identified through the telemarketing pitch.

19. The company also claimed to be a contractor of Google, name non-specific, and referred to Google as "Corporate" in saying that "Corporate" would be sending out a postcard to verify my address".

20. This is apparently a typical practice for the Defendant, as others have complained about the same conduct:

Terry C.



08/23/2018

This company presents themselves as Google trying to get money for setting up a website. I was a little too trusting and they charged my account for $300.00 more than agreed upon. I asked for a refund and have not received. Same story about e-mail with pin. Now they are now answering the telephone. I am disputing with the bank. *****

Terry L



08/15/2018

Company implied that they were part of Google Corporate and that once I received a post card from them that I would call customer service to verify we desired there services. And that they would resolve our Google street directions. The postcard never showed up and charged on credit card the moment I hung the phone up. Calling customer service asking about this they now say they sent email with pin number, never received. They refused to reimburse charges, I am now speaking with credit card company to deny charges. ***** ******, Apex Metal Finishing Co.
*See* https://www.bbb.org/us/fl/palm-beach-gardens/profile/brand-development/ethos-data-management-inc-0633-90410479/customer-reviews (Last Visited May 7, 2019).

21. The Plaintiff was only able to successfully identify the company when he provided them with payment information.

22. Defendant's conduct also violated Pennsylvania state law.

23. The Plaintiff's number was listed on the Pennsylvania Do Not Call List prior to his receipt of any of the calls, which is a violation of 73 P.S. § 2245.2.

24. A second violation occurred on each call when the telemarketing calls violated 73 P.S. § 2245.2(j):

> No telemarketer shall fail to provide a residential or wireless telephone subscriber with the name of the caller, the name of the person or entity on whose behalf the call is being made, and upon request, a telephone number or address at which the person or entity may be contacted.

25. The pre-recorded message did not provide any of this required information.

26. The Plaintiff contacted the Defendant prior to filing this lawsuit regarding these alleged violations.

27. The Defendant did not respond.

28. Defendant's unsolicited call was a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to

temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

29. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

**TCPA Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) received a pre-recorded voice message call, (2) made by or on behalf of Ethos Data, (3) regarding pre-existing loans, and for whom (4) Ethos Data does not claim to have obtained prior express written consent, or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

**UTPCPL Class**: All Commonwealth of Pennsylvania residents (a) to whom Defendant and/or a third party acting on their behalf, made one or more telephone calls; (b) manipulating the Caller ID number or to a residential number enrolled on the Commonwealth of Pennsylvania's do-not-call- list maintained by the list administrator; (c) at any time in the period that begins six years before the date of filing this Complaint through the date of class certification.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

31. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made unsolicited prerecorded voice message calls and failed to properly identify themselves to thousands of individuals who fall into the Class definitions. Class membership can be easily

determined from Defendant's records.

32. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Classes, and if Defendant violated the TCPA and UTPCPL with respect to Plaintiff, then it violated the TCPA and UTPCPL with respect to the other members of the Classes. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the TCPA Class;

   b) Whether Defendant's calls were made for the purpose of marketing Defendant's products and/or services;

   c) Whether Defendant made some or all of the calls without the prior express written consent of Plaintiff and the TCPA Class;

   d) Whether Defendant transmitted misleading identifying information to the UTPCPL class

   e) Whether Defendant called numbers on the Pennsylvania Do Not Call List to the UTPCPL class; and

   f) Whether Defendant's conduct was willful and knowing such that Plaintiff and the TCPA Class are entitled to treble damages.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for

certification because Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the TCPA Class)**

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of this complaint and incorporates them by reference.

38. Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the TCPA Class using a pre-recorded voice message.

39. Defendant made these pre-recorded voice message calls *en masse* without the consent

of Plaintiff and the other members of the TCPA Class.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
### Violation of Violation of the UTPCPL
**(On Behalf of Plaintiff and the UTPCPL Class)**

41. Plaintiff incorporates the allegations from paragraphs 1 through 36 as if fully set forth herein.

42. A violation of the PTRA is an automatic violation of the UTPCPL.

43. The Defendant violated the PTRA with respect to the call to Mr. Newell because they failed to properly identify themselves.

44. The Defendant also violated the PTRA by calling Mr. Newell's number, which was on the Pennsylvania Do Not Call List.

45. The Defendant may have further violated the PTRA, which can be identified through discovery. For example the PTRA provides, "it shall be unlawful for any telemarketer to initiate a telephone call to or receive a telephone call from a consumer in connection with the purchase of consumer goods or services, unless the telemarketer or the telemarketing business which employs the telemarketer is registered with the Office of Attorney General… at least 30 days prior to offering for sale consumer goods or services through any medium." 73 P.S. § 2241 § 3(a)-(b).

46. Plaintiff Newell seeks statutory damages of $100 for each violation of the UTPCPL on his own behalf and on behalf of the UTPCPL Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Newell, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

    b)    An award of actual and/or statutory damages and costs;

    c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d)    An injunction requiring Defendant to cease all unsolicited pre-recorded voice message calling activity, and to otherwise protect the interests of the TCPA Class;

    e)    An order declaring that Defendant's actions, as set out above, violate the UTPCPL;

    f)    An injunction requiring Defendant to cease recording calls without consent, and to otherwise protect the interests of the UTPCPL Class; and

    g)    Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Newell requests a jury trial.

Dated: May 7, 2019.

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff Jourey Newell
and all others similarly situated*